# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8564 | **DATE** | 6/9/2003 |
| **CASE TITLE** | EDWARD NOVOTNY, III vs. MICHAEL PORZYCKI, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss is denied and Plaintiff's motion for leave to file his second amended complaint is granted. [16-1, 17-1] ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 13 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 20 |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 03 JUN 13 AM 8:20 | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD NOVOTNY, III, )
)
Plaintiff, )
) No. 02-CV-8564
v. ) Judge Ronald A. Guzman
)
)
MICHAEL PORZYCKI and )
JAMES ELWART, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Michael Porzycki and James Elwart's motion to dismiss Plaintiff Edward Novotny, III's complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). Additionally, Defendants ask the Court to dismiss the complaint and require it to be replead under Fed. R. Civ. Proc. 10(b). Subsequent to the filing of Defendants' motion to dismiss, Plaintiff filed his motion for leave to file a second amended complaint.[1] For the reasons set forth below Plaintiff's motion for leave to file his second amended complaint is granted and Defendants' motion to dismiss is denied.

## BACKGROUND FACTS

The following well-pleaded facts must be taken as true for the purpose of this motion. On November 26, 2000, Plaintiff was pulled over by a police car. (Compl. at 7.1). During the stop, Plaintiff was tripped, pushed to the ground, thrown against his car and stood upon by Officers Elwart and Porzycki. (Compl. at 7.1, 7.2). Plaintiff was then taken to the police

---

[1] As Plaintiff's second amended complaint does not contain a claim for false arrest, Defendants' argument as to that claim is rendered moot. However, because the other arguments raised in Defendants' motion to dismiss are not mooted by Plaintiff's filing of his second amended complaint, we now address those arguments raised in Defendants' motion.

1

station, transported to the hospital upon his request and subsequently returned to the police station. (Compl. at 7.2-7.3). After Plaintiff was released on bond the next day, he visited another hospital where he was treated for his injuries. (Compl. at 7.3).

Plaintiff filed a complaint against Officers Porzycki and Elwart, in their individual capacities, alleging that the officers' conduct during the stop violated 42 U.S.C. §1983. The complaint explains the officers' use of force and the circumstances during the arrest. It also alleges that the plaintiff suffered injuries that required a doctor's treatment as a result of this use of force.

## DISCUSSION

Complaints may be dismissed under Fed. R. Civ. Proc. 12(b)(6) only if it appears beyond a reasonable doubt that there are no facts to support the allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-1 (1972). Under Fed. R. Civ. Proc. 8(a), a complaint need only be a short and plain statement of the claim, showing that the plaintiff is entitled to relief. *Mathes v. Nugent*, 411 F.Supp. 968, 972 (N.D. Ill. 1976). Therefore, a complaint is sufficient if it gives fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* Moreover, complaints by pro se parties should not be held to the stringent standards of pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. at 520.

Defendants first argue that under Fed. R. Civ. Proc. 10(b), this case should be dismissed and replead because the complaint is not understandable. They assert that each claim must be stated in a separate count in order that they might identify the general claims involved and have fair notice of the claims. However, all the rule requires is that claims founded on separate transactions be stated in separate counts "whenever a separation facilitates the clear presentation of the matters set forth." *Mathes v. Nugent*, 411 F.Supp. at 972. Even before it was amended,

2

the complaint was sufficiently clear in that it impliedly set out claims of false arrest and excessive force. (See Compl. at 7.1-7.3). In fact, Defendants identified those claims in order to include them in their motion to dismiss.

Secondly, Defendants argue that under Rule 12(b)(6), an excessive force claim by the plaintiff should be dismissed because he failed to establish that the officers used unreasonable force under the objective reasonableness standard – he failed to explicitly state which of the events constituted excessive force and that the circumstances at the time of the arrest did not warrant excessive force. The Supreme Court has explained that when an "excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Therefore, "all claims that law enforcement officers have used excessive force ... in the course of an arrest ... should be analyzed under the Fourth Amendment and its 'reasonableness' standard ..." *Id.* at 395. The Court must consider the circumstances of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. According to the complaint, the officers used force upon the plaintiff even though he attempted to cooperate with the officers, and injury resulted from the encounter. (See Compl. at 7.1-7.2). Even before being amended a second time, this complaint impliedly alleged that the officers' conduct during the entire episode constituted excessive force. This is all that Plaintiff needs to show in order to survive Defendants' motion to dismiss under the less stringent pleading standard for pro se plaintiffs.

3

## CONCLUSION

For the reasons set forth above the defendants' motion to dismiss is denied and Plaintiff's motion for leave to file his second amended complaint is granted (#16) (#17).

SO ORDERED  ENTERED: 6/9/03

Ronald A. Guzman
United States Judge

4